For plaintiff: George Roche.

For defendant: Grim, Littlefield & Eden.

John T. Byron
vs.          No. 85436.
James B. Brown

April 13, 1932.

CARPENTER, J. The plaintiff in this case was injured by being struck

by an automobile driven by the defendant. The accident happened in South Attleboro on Washington Street and occurred while the plaintiff stood beside his automobile in the act of cleaning ice and snow from the windshield on same.

Suit was brought in this Court to recover for damages sustained and upon trial thereof a jury returned a verdict for the plaintiff in the sum of $13,000. A motion for a new trial was filed and is now before this Court.

Apparently, from the conduct of the case and the argument upon said motion, the defendant does not seriously question his liability for the damages sustained by the plaintiff but does seriously contend that the damages assessed in this matter are excessive.

Now the question for this Court to determine is: Are the damages so excessive as to cause this Court to act?

The plaintiff is an Episcopal clergyman. At the time of the accident he was the rector of an Episcopal church in Pawtucket. The plaintiff is a young man. He brought suit and, as was his Constitutional right, requested that his damages be assessed by a jury. A jury was empaneled and the Court is satisfied from the appearance of the jury that they were as well qualified to assess the damages in this case as this Court. The jury must have taken into consideration the profession of the plaintiff and his age.

Now, what was the injury that the jury believed $13,000 would compensate plaintiff for? The plaintiff was so injured that he is unable to control his urine and will be unable to control his urine for the rest of his life, and, as a result, his clothes are continually wet, odors come from his person. He is a man who cannot hide himself; he must appear in public. Can this Court say under the circumstances that the jury were unjust?

Motion for new trial denied.

For plaintiff: Ralph M. Greenlaw.
For defendant: Clifford A. Kingsley.